UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEMERIS TOLBERT,

                      Plaintiff,

v.                                         **REPORT AND RECOMMENDATION**

                                                 19-CV-1691(JLS)(JJM)

CO DUSZA, *et al.*,

                      Defendants.
_____

        Before the court is defendants' unopposed motion [79] to dismiss defendant Correction Officer ("CO") John Does ##2-20 pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [36].[1] For the following reasons, I recommend that the motion be granted.

## BACKGROUND

        Plaintiff's Second Amended Complaint [71], drafted with the assistance of *pro bono* counsel Anne Modica Eich,[2] alleges that on January 16, 2019, he was a placed in a contraband watch room at Attica Correctional Facility after stabbing a CO, and that he remained there through February 1, 2019, due to falsified watch room logs prepared by defendant Sergeant

---

[1]   Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination (upper right corner of the page).

[2]   Ms. Eich was appointed for the limited purpose of amending the Amended Complaint [66]. Her services are greatly appreciated, both by plaintiff and by the court. Following the completion of her appointment [72], plaintiff is again acting *pro se*.

Long. Id., ¶¶35-43. Plaintiff further alleges that CO John Doe defendant #1[3] sprayed an unknown chemical into the contraband watch room's vent for 15 days. Id., ¶¶41-24. CO John Doe defendants ##2-10, watch room monitors, allegedly "assisted CO John Doe #1 in spraying the chemical into [his] room" from January 16, 2019 to February 1, 2019, and upon his transfer to a Special Housing Unit ("SHU") cell on February 2, 2019, CO John Doe defendants ##11-20, who worked in the SHU, allegedly "help[ed]" John Doe #1 continue that conduct through March 20, 2019. Id., ¶¶43, 58. CO John Doe defendants ##2-10 are also alleged to have "mocked [plaintiff] while denying him showers, a urine bucket, a toothbrush, and clothing", and "allowed other officers to stand outside [his] door and threaten to kill him". Id., ¶¶44-45. Plaintiff's Eighth Amendment conditions of confinement claim (First Cause of Action) arising from this alleged conduct is asserted only against CO John Doe defendants ##1-4. Id., ¶97.

        Shortly after defendants filed their motion to dismiss CO John Doe defendants ##2-20 I issued a briefing schedule, which was mailed to plaintiff [80]. Plaintiff's response to the motion was due on or before February 28, 2022. Id. To date, plaintiff has not filed a response to the motion, nor has he sought to extend the February 28, 2022 deadline. However, this court "cannot grant a motion to dismiss solely on the ground that it is unopposed. Rather, where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden." Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y. 2005). *See also* McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("[i]f a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal").

---

[3]    Defendants have not moved to dismiss CO John Doe defendant #1.

**DISCUSSION**

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)". Twombly, 550 U.S. at 555.

Defendants argue that the allegations that CO John Doe defendants ##2-20 "assisted" or "help[ed]" CO John Doe defendant #1 expose plaintiff to an unknown chemical are not sufficient "to rise above the speculative level". Defendants' Memorandum of Law [79-1] at 3-5. Plaintiff's allegations, made "upon information and belief", that CO John Doe defendants ##2-20 "assisted" or "helped" CO John Doe defendant #1 to spray an unknown chemical into his cell are wholly conclusory and fail to outline the involvement of the John Doe defendants in any meaningful way. "[W]hile a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded." Schorr v. Dopico, 205 F. Supp. 3d 359, 363 (S.D.N.Y. 2016), aff'd, 686 F. App'x 34 (2d Cir. 2017). I agree with defendants that plaintiff's failure to identify "what actions the John Doe defendants took to allegedly 'assist' or 'help' . . . deprives [CO John Doe defendants ##2-20] of any notice of what these defendants are actually accused of". Defendants' Memorandum of Law [79-1] at 2.

Defendants also argue that to the extent the Second Amended Complaint [71] alleges that "upon information and belief" the CO John Doe defendants ##2-10 denied him showers, a urine bucket and clothing (id., ¶44), these "conclusory allegations . . . [fail to] plausibly state a claim which rise[s] above the speculative level", and that "even if viewed in the light most favorable to [him] . . . do[ ] not raise a claim of constitutional significance". Defendants' Memorandum of Law [79-1] at 3. Absent opposing arguments from plaintiff, I agree. Without more detail as to the duration or scope of these deprivations, especially considering that plaintiff was in a contraband watch room, there are simply not enough factual allegations to conclude that the conduct rises to the level of an Eighth Amendment violation. *See* Santana v. City of New York, 2018 WL 1633563, *7 (S.D.N.Y. 2018) ("[d]enial of shower access for up to two weeks has been held not to be a violation of the Eighth Amendment"); Trammel v. Keane, 338 F.3d 155, 159, 164-65 (2d Cir.2003) (affirming grant of defendants' motion for summary judgment dismissing Eighth Amendment claim where plaintiff was deprived of clothing, except for one pair of shorts, for seventeen days); Smith v. Hughes, 2009 WL 3644279, *4 (N.D.N.Y. 2009) (temporary denials of access to a toilet "ordinarily do not implicate the Eighth Amendment"); Lynch, 952 F.3d at 77–78 (the plaintiff's allegations "did not rise above the de minimis level to indicate a deprivation of constitutional dimension", where there was "no allegation that he made a request for or had any need for food, drink, or access to a bathroom - and no allegation that the lack of those accommodations for the several hours he was detained had any untoward consequences whatsoever").

Plaintiff's allegations, made "upon information and belief", that CO John Doe defendants ##2-10 "mocked" his conditions of confinement and permitted other, unidentified officers, to stand outside his cell door and make death threats against him (Second Amended

Complaint [71], ¶¶44, 45) are similarly insufficient to state a claim. See Bacon v. Evans, 2021 WL 5643038, *3 (S.D.N.Y. 2021) ("allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged"); Bradshaw v. City of New York, 2018 WL 818316, *8 (S.D.N.Y. 2018) ("the law is clear that although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under Section 1983").

Although not raised by defendants, the fact that the Second Amended Complaint [71] only alleges an Eighth Amendment conditions of confinement claim against CO John Doe defendants ##2-4 (id., ¶97), constitutes an additional basis for the dismissal of the remaining CO John Doe defendants.

## CONLCUSION

For these reasons, I recommend that defendants' unopposed motion [79] be granted, and that CO John Doe defendants ##2-20 be dismissed, without prejudice.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by May 2, 2022. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision." Wesolek v. Canadair Ltd., 838 F.2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider de novo arguments, case law, or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection ... supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal [or] factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: April 14, 2022.

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge