UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DEMERIS TOLBERT,

    Plaintiff,

v.                                      19-CV-1691 (JLS) (JJM)

ANN MARIE T. SULLIVAN, *et al.*,

    Defendants.

---

## DECISION AND ORDER

Before the Court is Defendants John Doe ## 2-20s' motion to dismiss. Dkt. 79. *Pro se* Plaintiff Demeris Tolbert[1] alleges that while he was being held in a contraband watch room at Attica Correctional Facility, John Doe ## 2-10 assisted Defendant John Doe #1 in spraying a chemical into his room from January 16, 2019, to February 1, 2019. Dkt. 71 ¶ 43. Tolbert further alleges that John Doe ## 2-10 "mocked [him] while denying him showers, a urine bucket, a toothbrush, and clothing[,]" and "allowed other officers to stand outside [his] door and threaten to kill him." *Id.* at ¶¶ 44-45. As to John Doe ## 11-20, Tolbert alleges that upon his transfer to the Special Housing Unit ("SHU"), they also helped John Doe #1 spray chemicals into his cell from February 2, 2019, to March 20, 2019. *Id.* at ¶ 58.

---

[1] Counsel was appointed for Tolbert for the limited purpose of preparing and filing an amended complaint. Dkt. 66. The representation ended when the amended complaint was filed. Dkt. 72.

The Court referred this case to United States Magistrate Judge Jeremiah J. McCarthy to, among other things, hear and report upon dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Dkt. 36. On April 14, 2022, Judge McCarthy issued a report and recommendation ("R&R") that recommends granting Defendants' motion. Dkt. 92. Judge McCarthy determined that Tolbert's allegations were conclusory, speculative, and insufficient to rise to the level of a constitutional violation.

Tolbert filed an objection to the R&R objecting to the dismissal of Defendants generally.[2] Dkt. 95. His argument relies on the allegations in the amended complaint and new factual allegations—some of which contradict allegations in the amended complaint.[3]

In response, Defendants argue that "[n]othing in [Tolbert]'s objections provides any valid reasoning for keeping [them] in this case." Dkt. 102 at 1. Defendants further note that Tolbert's "objections cite to no law and provide information from prior pleadings," and argue "that this Court should consider

---

[2] Tolbert never responded to Defendants' motion. In his objection to the R&R, Tolbert indicates his failure to respond to Defendants' motion was due to health issues he was facing at the time. He requests that the Court also consider his objection as his response to Defendants' motion.

[3] For example, in the amended complaint, Tolbert alleges John Doe ## 2-10 assisted John Doe # 1 spray chemicals while he was held in the contraband watch room, Dkt. 71 ¶43, and that John Doe ## 11-20 assisted John Doe # 1 spray chemicals while he was in the SHU. Id. at ¶ 58. Tolbert now claims that John Doe ## 2-20 assisted John Doe # 1 while he was in the watch room. Dkt. 95 ¶ 25-29, 31-32, 36. He also now notes that he is uncertain of whether John Doe # 1 is the same person who sprayed him in the SHU. Id. at ¶ 44.

2

[Tolbert's objections] a nullity" and adopt the R&R. *Id.* at 3. Tolbert did not file a reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Such objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." L. R. Civ. P. 72(b). Otherwise, a district court must "modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). An order "is clearly erroneous or contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342 (W.D.N.Y. 2011) (internal quotations and citation omitted).

Here, Tolbert has failed to provide a basis for his objections and, as previously noted, merely repeated allegations in the amended complaint and provided new allegations that contradict the amended complaint. This is not enough to trigger a *de novo* standard of review, and the Court has determined that the R&R is not clearly erroneous or contrary to law. And even if a *de novo* standard of review applied, Tolbert's objections would fare no better. The Court, therefore, accepts and adopts the R&R.

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motion to dismiss is GRANTED. The claims against John Doe ## 2-20 are dismissed. The case remains referred to Judge McCarthy.

**SO ORDERED.**

Dated:   July 6, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE